Breitel, J. (dissenting in part).
As desirable as it might seem to effectuate the purposes of the Board of Supervisors, if that purpose has not been sufficiently implemented and the applicable ordinances do not permit, the law as it is found must be applied. So the Appellate Division concluded, and so this court should conclude.
The controlling ordinance on which petitioners rely is that designated No. 118 of 1962 (118/62). This ordinance follows a common practice on promotion, reclassification and reallocation (see, e.g., Civil Service Law, §§ 121, 132; cf. § 131, subd. 2). It protects existing salary levels and anticipated annual increments for persons whose salaries are being changed as a result of elevation in position or salary. The problem does not occur too often in promotion where the new salary scale is usually so in advance of the old that there is much less of a problem of the incumbent being "promoted ’ ’ into a less advantageous position. There is, on the contrary, a real risk of disadvantageous elevation for those whose positions have been reclassified or reallocated. Most important, provision is always made for this real risk of economic disadvantage in reallocations or reclassifications, and yet the only ordinance offered to cover the risk with respect to reallocations is 118/62. In short, if this particular ordinance did not apply, one could be certain that appellant would have hastened to cite to a provision governing reallocations.
Hence, the fact that 118/62 refers to “ promotions ” rather than reallocations or reclassifications is not determinative. It is an obvious misnomer, the term ‘ ‘ promotion ’ ’ having been indiscriminately used to cover any increase in salary scales or even steps in a scale, whether in true promotion, reclassification, or reallocation. Although this, of course, does not conform to the correct usage of technicians in the field, it reflects a less sophisticated but very common understanding. The record as made by the parties, as well as the opinions written at Special Term and in the Appellate Division, treated the ordinance as *425 applicable to the reallocations in this proceeding. And this was as it should be. Indeed, petitioners state in their brief to this court that appellant conceded below that ordinance 118/62 was applicable to the facts in this case.
All but conclusive evidence that 118/62, or something exactly like it, applies to the instant reallocations is the pattern of reallocations for District Court and Family Court officers in ordinances 1, 2, and 77, all of 1967. In each, different groups of officers in the same title are slotted into different steps of the scales but not at parallel steps as would have been the case if 118/62 were not being applied. Instead, depending upon the amounts of the incremental gaps the officers are moved ahead of the parallel steps for the same years of service, in the scales from which they are being reallocated.
Another significant characteristic of ordinance 118/62 is that it looks to the actual salaries'“ then being received ” by the civil service employee at the time of the ‘ ‘ promotion ’ * or reallocation. Both the successive reallocations under ordinances 1/67 and 77/67 were made retroactive to January 1, 1967. Although in law the one was substituted for the other, that is, the one legally ‘ ‘ cancelled ” or “ repealed" the other, as is often the ease with reallocations, nevertheless, the second reallocation did not undo the fact that petitioners were entitled to ordinance 1/67 salaries as of January 1, 1967. Hence, benefits provided by ordinance 118/62 must be measured from the salary scales to which petitioners were entitled as of January 1, 1967, prior to the adoption of 77/67. To repeat, this is because 118/62 is designed to pick up discrepancies resulting from reallocations (and also promotions and reclassifications) and, therefore, looks to the actual salary levels then in effect upon which the reallocation works a change, whether the reallocation is based on a new ordinance, a repealer, or whatever.
On this view, the Appellate Division was correct in its analysis and petitioners were entitled to be advanced one step or increment by reason of ordinance 118/62, but not the two steps as directed by that court. The ordinance refers only to an advance of one step because of an insufficient first annual increment on a reallocation (or “promotion”), and not to two, even if it would, arguably, take more than one increment to accomplish what can be gleaned as the purpose of the ordinance. For peti *426 tioners as well as respondents the rule should be that the leeway for interpreting statutes under the rubric of purpose is present but is distinctly limited by language so clear as not to allow any escape.
Accordingly, I dissent in part and vote that the order of the Appellate Division be modified to declare petitioners to be entitled to salary grade 15, step 3, and that the order be otherwise affirmed.
Chief Judge Fuld and Judges Scileppi, Bbegan and Gibson concur with Judge Burke ; Judge Breitel dissents in part and votes to modify in a separate opinion in which Judge Jasen concurs.
Order reversed, without costs, and the judgment of Supreme Court, Nassau County, reinstated.